## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CATERPILLAR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  12-cv-1017 |
| ) | |
| ESCO CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### **O R D E R**

This matter is before the Court for clarification of recent transfers between the district courts in the Central District of Illinois and the District of Nevada of two related proceedings involving Caterpillar, Inc., ESCO Corporation, and other parties. The above-captioned case was filed in this Court on January 12, 2012. Two of Caterpillar's three claims were voluntarily dismissed shortly thereafter, leaving only a declaratory judgment claim of non-infringement of certain patents held by ESCO. (Doc. 27). On December 18, 2012, this Court granted ESCO's Motion to Transfer Venue, and transferred this case to the District of Nevada, where a related case filed by ESCO was also pending. (Doc. 67).

In the District of Nevada, the above-captioned litigation was given the case number 12-2174 ("Nevada Member Case"). Upon the filing of a notice of related cases, the Nevada Member Case was consolidated with the already-pending case, number 12-1545 ("Nevada Lead Case"), and all documents thereafter were to be filed in the Nevada Lead Case. On August 30, 2013, Judge Jones in the District of Nevada transferred the Nevada Lead Case to the Central District of Illinois. That

case was then opened as a new case in the Peoria Division of this District, assigned to Judge Darrow, and given case number 13-1409 ("Judge Darrow Case").[1] This litigation has been proceeding before Judge Darrow since that date.[2]

At the same time the Nevada Lead Case was transferred to the Central District of Illinois, the Nevada Member Case, which had originally been filed as the above-captioned case in this District before being transferred to Nevada, was terminated for reasons not addressed in the order. (*See* d/e 80, case no. 12-2174, D. Nev.). This was likely because Caterpillar's declaratory judgment claim in the above-captioned case, and thus also in the Nevada Member Case, appears to be substantively identical to the counterclaim it raised in the Nevada Lead Case in both the relevant factual and legal issues and the relief sought. (*See* d/e 88, case no. 13-1409, C.D. Ill.). Thus, whether in the Judge Darrow Case here in the Central District of Illinois, or in the Nevada Lead Case, Caterpillar's declaratory judgment claim will ultimately be adjudicated separately from this dismissed above-captioned case. All proceedings relating to Caterpillar's declaratory judgment claim will continue as part of the lead case, and not in the above-captioned case.

This was all well and good until, on August 15, 2014, nearly a year after the Nevada Member Case was terminated in the District of Nevada, the Nevada Member Case was transmitted to the Central District of Illinois, purportedly

---

[1] Thus, the above-captioned case and the Nevada Member Case are virtually identical, as are the Nevada Lead Case and the Judge Darrow Case.

[2] On August 20, 2014, Judge Darrow entered an order retransferring the case to the District of Nevada. (d/e 128, case no. 13-1409, C.D. Ill.). However, a Motion to Stay was filed the next day, and is still pending. Thus, the final location of this litigation is still in question, but that issue is not of any concern to this Court and is irrelevant to this Order.

pursuant to the transfer order. Because the Nevada Member Case had originated in this Court, as the above-captioned case, this litigation was reopened. This transmittal appears to have been a procedural oversight, as the Nevada Member Case had been terminated almost a year prior. The record of the Nevada Member Case does not reflect the entry of a final judgment, but the case was administratively terminated on August 30, 2013, and no further substantive proceedings were conducted. The transfer of a terminated case strikes the Court as procedurally improper and ineffective to reopen that case in this District. There were no remaining claims in the Nevada Member Case to transfer; all claims had been subsumed by the Nevada Lead Case, and the Nevada Member Case was closed. It thus appears the transmittal of the Nevada Member Case is void.

Because the Nevada Member Case was terminated in August 2013, the transmittal of the Nevada Member Case is VOID and has no effect. The Clerk is DIRECTED to again terminate the above-captioned case. All further proceedings related to this case are to be litigated in either case number 13-1409 in this District, or case number 12-1545 in the District of Nevada. IT IS SO ORDERED.

CASE TERMINATED.

Entered this <u>22nd</u> day of August, 2014.

                                                                      s/ Joe B. McDade
                                                                      JOE BILLY McDADE
                                      United States Senior District Judge